UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES—GENERAL

Case No. 5:11-cv-01762-JHN-SP          Date:  January 25, 2012

Title: *US Bank Nat. Ass'n et al v. Danielle Jenkins et al*

Present:  The Honorable JACQUELINE H. NGUYEN

| Alicia Mamer | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:
Not Present                                              Not Present

**Proceedings: ORDER REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT   (In Chambers)**

This matter comes before the Court on Plaintiff U.S. Bank National Association's ("Plaintiff") Motion to Remand Case and Request for Attorney's Fees and Costs.  (Docket no. 6.)  No Opposition was filed.  The Court has reviewed the Motion and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing set for January 30, 2012, is **removed** from the Court's calendar.  Having considered the Notice of Removal, the Court finds no federal jurisdiction and hereby **REMANDS** the case to Riverside County Superior Court.

### I.          Background

On August 4, 2011, Plaintiff brought a Complaint for unlawful detainer against Defendant Danielle Jenkins ("Defendant") in Riverside County Superior Court.  (Docket no. 1 at 11.)  On November 17, 2011, Defendant removed the case to federal court.  (Docket no. 1 at 1.)  Plaintiff's filed the instant Motion on December 8, 2011.  (Docket no. 6.)  Defendant did not file an Opposition.

### II.          Legal Standard

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No. 5:11-cv-01762-JHN-SP                 Date:  January 25, 2012

Title: *US Bank Nat. Ass'n et al v. Danielle Jenkins et al*

the defendants . . . ." 28 U.S.C. § 1441(a).  However, the Court may remand a case
to state court for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The
burden of establishing federal jurisdiction is on the party invoking federal
jurisdiction."  *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions
"arising under" federal law.  "The presence or absence of federal-question
jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that
federal jurisdiction exists only when a federal question is presented on the face of
the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S.
386, 392 (1987).  The only exception to this rule is where plaintiff's federal claim
has been disguised by "artful pleading," such as where the only claim is a federal
one or is a state claim preempted by federal law.  *Sullivan v. First Affiliated Sec.,
Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987).  "[A] case may not be removed to
federal court on the basis of a federal defense, including the defense of preemption,
even if the defense is anticipated in the plaintiff's complaint . . . ."  *Franchise Tax
Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983).

**III.    Discussion**

**A.    Remand**

In the present case, Defendant contends that removal is proper because
Plaintiff's cause of action arises under the Protecting Tenants at Foreclosure Act of
2009 ("PTFA").  (Notice of Removal ¶ 6-7, 13-14.)  However, Plaintiff's
complaint pleads no federal question on its face, and clearly invokes only a state
law claim for unlawful detainer in violation of California Code of Civil Procedure
§ 1161(a).  (Compl. 1.)

Defendant's "reference to the PTFA is best characterized as a defense or
potential counterclaim, neither of which is considered in evaluating whether a
federal question appears on the face of a plaintiff's complaint."  *Parkland
Securities, Inc. v. Carey*, 2012 WL 159621 at * 2 (E.D. Cal. Jan. 18, 2012).  A
defendant's claims or defenses that a plaintiff has violated a federal statute cannot
serve as a basis for federal question jurisdiction.  *Takeda v. Northwestern Nat. Life*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No. 5:11-cv-01762-JHN-SP                    Date:  January 25, 2012

Title: *US Bank Nat. Ass'n et al v. Danielle Jenkins et al*

*Ins. Co.*, 765 F.2d 815, 222 (9th Cir. 1985).  Other courts within this district have also held that the PFTA cannot serve as basis for federal removal jurisdiction.  *See Wescom Credit Union v. Dudley*, 2010 WL 4916578 at * 3 (C.D. Cal. Nov. 22, 2010); *Carey*, 2012 WL 159621 at *2.

Therefore, because no federal question is presented on the face of the complaint, no federal question jurisdiction exists.

**B.      Attorney's Fees and Costs**

Plaintiff additionally requests attorney's fees incurred as a result of the removal.  (Mot. 6.)  Pursuant to 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal."

Defendant is in *pro se*.  Although there was no legal support for removal, the court cannot conclude on this record that removal was a delaying tactic.  Therefore, the request for attorney's fees is DENIED.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand (docket no. 6) is **GRANTED** and the Court hereby **REMANDS** this matter to the Riverside County Superior Court.

**IT IS SO ORDERED.**

____ : N/A

Initials of Preparer      AM